## CITY OF NEW ORLEANS *v.* E. J. HART & CO.

The Act approved March 19th, 1856, entitled "*An Act to authorize the City of New Orleans to tax real and personal property,*" is not repealed by the general repealing clause of the Act approved March 20th, 1856, amending the Act incorporating and providing a government, &c., for the City of New Orleans.

The formalities of assessment and collection of City Taxes, as prescribed by the Act of the 20th March, 1856, did not apply to the taxes for that year, as the Act of the 19th March, 1856, authorized an assessment for the year which had not then expired, in accordance with its provisions.

The meaning of the word *income*, under the Act of 19th March, 1856, is money received in compensation for services, such as wages, commissions, brokerage, &c., and is totally different from the fruits of capital invested in merchandize, stocks, &c.

The Act of 1856 makes no allowance for commissions or compensation to be paid by the tax payer to the Assistant City Attorney ; the Act of 1853, which allowed him a commission of five per cent., has been repealed.

APPEAL from the Second District Court of New Orleans, *Morgan, J.*

*W. O. Denègre*, for plaintiff. *H. D. Leovy*, for defendants and appellants.

BUCHANAN, J. Defendants are sued for a tax on income, for the year 1856. They plead :

1st. That the formalities required by law for the assessment and collection of taxes were not observed in this case.

2d. That the tax is excessive, and that defendants had no opportunity of correcting the error.

3d. That the Assistant City Attorney is not entitled to the commission of five per cent., or any other compensation to be paid by defendants, for the collection of this tax.

I. We agree with the District Judge, that the tax sued for in this suit is a tax levied under the Act of 19th March, 1856, (Session Acts, p. 109,) and not under the amended City Charter, or Act of 20th March, 1856, (Session Acts, p. 136). The former of these two Acts was not repealed by the 133d section of the latter. The formalities of assessment and collection of City Taxes, as prescribed by the Act of 20th March, 1856, did not apply to the City Taxes of 1856, which were assessed under the Act of 19th of March, 1856.

The Act of 19th of March, 1856, authorized an assessment for that year, which was not then expired ; and it is proved that this assessment was made in the year 1856. The assessment and taxation were not, therefore, retroactive, as contended by counsel of defendant in argument.

II. It is proved and admitted, that thirty days notice to correct errors in this assessment roll was given, by advertisement in the public papers. In connection with this ground of defence, the defendants have offered in evidence, a receipt for tax on capital, for the same year, 1856, and urge that the tax now sued for is a tax upon profits of capital already taxed.

The Act of 19th March, 1856, clearly defines the meaning of the word *income* as liable to taxation. It is money received in compensation for labor or services, such as wages, commissions, brokerage, &c., and is totally different from the fruits of capital invested in merchandize, stocks, &c.

III. The Act of 19th March, 1856, makes no allowance of commissions or compensation, to be paid by the tax payer, to the Assistant City Attorney. The Act of 1853, which allowed to the Assistant City Attorney a commission of five

per cent., to be added to the amount of every bill for taxes collected by him, has been repealed. 13 An. 510. The Judgment appealed from is amended in this respect.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended ; and that plaintiff and appellee recover of defendants and appellants three hundred dollars, with interest at one per cent. a month from July 7th, 1857, until paid, and costs of the District Court ; the costs of appeal to be borne by appellees.